In re WHITE.

(Supreme Court, Appellate Division, Third Department. May 15, 1900.)

COUNTIES—CLAIMS—DISTRICT ATTORNEY'S DISBURSEMENTS—ITEMS.

A statement of expenses incurred by a district attorney failing to state the items of expense, and merely describing them as incurred in certain matters, was properly disallowed by the board of supervisors, since such statement does not disclose any information by which the necessity of the expenses might be determined, as required by County Law, § 230, providing that expenses necessarily incurred by the district attorney in criminal actions shall be allowed as county charges.

Appeal from special term, Albany county.

Application by James White for mandamus against the supervisors of Washington county. From an order denying the writ, the relator appeals. Order affirmed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, and SMITH, JJ.

James White, for appellant.
R. R. Law, for respondent.

EDWARDS, J. This is an appeal from an order denying an application for a peremptory writ of mandamus to compel the board of supervisors of Washington county to audit and allow certain items in the relator's account against the county which were rejected by the board. The verified account presented to the board is for expenses incurred by the relator as district attorney of Washington county, and the claim is made under section 230 of the county law, which provides that "all expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county" are county charges. The disallowed items are as follows:

| | | |
|---|---|---|
| Dec. 6. | People vs. Capo,—habeas corpus at S. Hill......... | $2 10 |
| " 13 and 14. | At Sandy Hill in examination in Ft. Ann burglary cases ................................................ | 5 40 |
| 1898. | | |
| Feb. 24. | Expenses to and at S. Hill......................... | 2 80 |
| Apr. 19. | Expenses to Salem in Buck Davis matter........... | 1 80 |
| May 3 and 4. | Expenses to and at Salem........................,.......... | 3 50 |
| " 14. | Expenses to Cambridge in Re Hoag................. | 1 60. |
| " 19. | Expenses to Salem (Taber, Hoag)................... | 1 75 |
| " 21. | Expenses to and at Fort Edward in Davis matter.... | 2 00 |
| " 24. | People vs. Graney (excise) at Salem before Justice Hill, at demand of excise dept................... | 1 60 |
| " 26. | People vs. Woodcock, Salem and Shushan........... | 1 20 |
| Sept. 8. | At S. Hill to investigate excise comp................ | 2 80 |
| " 27–8. | Sandy Hill and Ft. Edward....................... | 5 25 |
| Oct. 18. | Expenses at S. Hill in criminal matters; two days... | 4 00 |

Section 24 of the county law provides that "no account shall be audited by a board of supervisors, or by a committee thereof, * * * unless it shall be made out in items." It further provides that the board "may require any other or further evidence of the truth or propriety" of the account presented. It is the plain intention of the statute that the board of supervisors shall be possessed of such information in respect to the nature of a claim presented as shall enable it to determine whether or not the claim is a proper county charge. The relator's account fails to furnish such information in respect to the rejected items. The items simply designate "expenses" to and at different places within the county, on the dates named, and in some instances state in what matters; but do not specify the particular nature of the expenses. It is evident that they might be such expenses as are properly chargeable against the county, or they might be otherwise; and it was not only the right, but the duty, of the board to know to which class they belonged.

At the suggestion of the committee to whom the account was referred, the supervisor who had presented it in behalf of the relator for audit was permitted, by unanimous consent of the board, to withdraw the account, and return it to the relator, with the request that it be properly itemized; stating to him the particulars in which the board desired to have it corrected. This the relator declined to do, and returned the account, unaltered, to the board, who thereupon disallowed the objectionable items. I think the disallowance was right. It was the manifest duty of the relator to so specifically state the nature of the expenses for which he sought reimbursement from the county that the board of supervisors could determine whether or not they were "expenses necessarily incurred" by him, within the provisions of the statute. In the absence of this information, the board could not properly audit and allow these items, and the court properly denied the relator's motion. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.